NO. 8895.

COURT OF APPEAL

PARISH OF ORLEANS

CATHERINE GERMANN

versus

F. W. KELLER

Dinkelspiel; J.

This is a suit for rent. A provisional seizure was issued and the contents of the property, 1123 Baronne Street seized for two months rent and the further claim, counsel's fees, together with interest, costs and charges and other expenses. The amount involved was rents for the months of August and September, Sixty dollars per month.

The answer asserts that it had always been customary for defendant to pay rent in arrears and that the plaintiff obtained his writ of provisional seizure without first properly notifying defendant that rent was to be actually paid in the future.

Under the contract of lease in this case, independent of the ordinary terms usually used in the execution of a contract, there appears this: "Failure to strictly and promptly enforce these conditions shall not operate as a waiver of lessor's rights, lessor expressly reserving the right to always enforce prompt payment of rent or cancel this lease regardless of any indulgences or extensions previously granted. Failure to comply with any conditions or obligations of this lease will make lessee liable for any damage sustained by lessor."

From the testimony in this case it appears that the defendant from time to time was backward in the payment of his rent, in other words the rent notes became due on the end of each and every month and were payable at plaintiff's house, but instead of being paid there it was customary for the plaintiff to visit defendant at his place of business and then at times when defendant apparently would claim indulgence for a short period sometimes for a few days and sometimes for a little longer time; plaintiff protested but on promise of defendant to pay would grant these requests but without in any way waiving the rights that she had under the lease as heretofore quoted and defendant's contention that

on frequent occassions these extensions were granted, does not help his case. The conditions of the lease itself as quoted gives that right to plaintiff.

The authorities quoted in both plaintiff's and defendant's briefs would be applicable in this case, but the lease itself in its very terms avoids the indulgence claimed by defendant in this case, so the case of Brunning versus Grinnage. 4th Ct. of App. 433, and Bacas vs. Mandot, 3rd Ct. of App. 234, are therefore not in point and cannot help defendant's case.

In this Court plaintiff has asked for damages for frivilous appeal. We do not consider that she is entitled to same for the reason this was a very spirited contest over the question as to the extension of time and we are satisfied from reading the testimony and from all the circumstances surrounding, that defendant believed that he had a valid defense and therefore plaintiff is not entitled to damages as prayed for.

For the reasons assigned it is ordered, adjudged and decreed, that the judgment of the Court aquo be and the same is hereby affirmed, costs of both Courts to be paid by defendant.

—Judgment affirmed—